**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ANA KAREN QUINCIN JIMENEZ,

                                                *

    Petitioner,                          *

    v.                                *          Civil Action No. 1:26-cv-00687-PX

PAMELA BONDI et al.,

                                                  *

    Respondents.

                                                ***

**ORDER**

Petitioner Ana Karen Quincin-Jimenez is a national of Guatemala.  ECF No. 1 ¶ 54.  On December 22, 2016, Customs and Border Patrol arrested Petitioner within the United States pursuant to a warrant specifying that her arrest occurred under 8 U.S.C. § 1226.  ECF No. 1 ¶ 2.  The Petitioner filed for asylum, and, on January 17, 2023, the Executive Office for Immigration Review dismissed her removal proceedings.  ECF No. 1 ¶¶ 4–5; ECF No. 1-5.  For the next *nine* years, Petitioner complied with all release conditions that Respondents have imposed; and has built a life in Maryland where she cares for her fifteen-month-old baby who is a United States citizen.  ECF No. 1 ¶ 6.  On January 1, 2026, the Department of Homeland Security renewed Petitioner's Employment Authorization.  *Id*. ¶ 7.

Despite this, on February 15, 2026, Respondents arrested Petitioner in Hyattsville, Maryland during a traffic stop after a license plate check revealed that the vehicle was registered under Petitioner's name.  ECF No. 1 ¶ 8; ECF No. 10.  Petitioner had not committed any driving or other infractions.  ECF No. 10.  Respondents next re-arrested Petitioner even though she has

remained in total compliance of her release conditions and did not give her a bond hearing. *Id*. Petitioner has remained in ICE custody and is currently detained in California. *Id*.

The Petitioner argued that her initial and continued detention without any notice or opportunity to be heard violates her Fifth Amendment due process rights. ECF No. 1 ¶ 11, 79–83. The Court agrees and adopts the reasoning of *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025). *See also Domingo v. Kaiser*, Civ. No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention."); *Ledesma Gonzalez v. Bostock,* No. 2:25-CV-01404-JNW-GJL, 2025 WL 2841574 (W.D. Wash. Oct. 7, 2025). Thus, the Court finds that Petitioner had a protected liberty interest in her continued release from custody, and that "due process require[d] that Petitioner receive a hearing . . . *before* [she was] re-detained." *Wamsley*, 795 F. Supp. 3d at 1324 *(citing Valdez v. Joyce*, 803 F. Supp. 3d 213, 219 (S.D.N.Y. 2025) (emphasis added).

Further, Respondents also contend that they are entitled to arrest and detain petitioner pursuant to 8 U.S.C. § 1225(b). The Court rejects that argument, along with the holding in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) and agrees with its colleagues in this district that *Yajure Hurtado* was wrongly decided. *See, e.g., Alvarado v. Scott*, et al., Civ. No. DLB-25-3972, ECF No. 15 (D. Md. Jan. 15, 2026) (collecting cases). Thus, the Court finds that § 1226(a)'s discretionary detention framework applies to Petitioner such that she is eligible for bond.

Additionally, the Court adopts the reasoning of *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec.

18, 2025).  Petitioner is a member of the nationwide class defined as "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  Thus, the *Bautista* Court's declaratory relief applies to her.

For these reasons, the Court **GRANTS** the Petition challenging the constitutionality of Petitioner's continued detention pursuant to 28 U.S.C. § 2241.  As for relief, given there is no evidence that Petitioner violated any of her release conditions, no written notice from Respondents explaining the basis for revocation of Petitioner's release, and no evidence she had been given a bond hearing in connection with her re-arrest and detention, this Court will order Petitioner's immediate release subject to her compliance with all of her previous release conditions and her attendance at any bond hearing to be scheduled by Respondents in Maryland.

Based on the foregoing, and on this 24th day of February 2026, the United States District Court for the District of Maryland, hereby **ORDERS** that:

1.    Respondents **SHALL IMMEDIATELY RELEASE** Petitioner subject to any existing conditions of release previously imposed and her attendance at any bond hearing to be scheduled by Respondents in Maryland;

2.    Respondents are **ENJOINED** from redetaining the Petitioner without first providing the Petitioner with a constitutionally adequate bond hearing;

3.      Petitioner **SHALL** report to the Baltimore Field Office by March 5, 2026, or at any time thereafter as directed by Respondents;

4.      Respondents **SHALL** return to Petitioner all personal property seized at the time of her arrest, including her Employment Authorization Card;

5.      The Court **SHALL RETAIN** jurisdiction over this matter to enforce compliance with this Order; and

3.      Within **seven (7) days** from the date of this Order, the parties **SHALL** file a status report as to whether Respondents have complied with the above-stated conditions and whether the Case may be closed.

_____/s/_____
PAULA XINIS
United States District Judge